IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW JASON BEDDINGFIELD | Case no.: 22-CR-66 (CJN) |

### Defendant's Response in Opposition to Government's Motion to Revoke Conditions of Release

The Defendant, Matthew Jason Beddingfield, by and through Counsel, hereby submits this response in opposition to Government's Motion to Revoke Conditions of Release and place Mr. Beddingfield in custody. Mr. Beddingfield did not willfully violate any conditions of release. As the violation was not willful, the Government cannot show Mr. Beddingfield is unlikely to abide by any condition or combination of conditions of release. Accordingly, detention is not warranted.

### Background

On March 17, 2022, Mr. Beddingfield was granted release by this Court subject to conditions. (D.E. 20). The conditions included the following:

Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; ***or other activities approved in advance by the pretrial services office or supervising officer***. (Order Setting Conditions of Release. at ¶ (7)(q) (ii); D.E. 20).

*(Emphasis Added)*

On May 3, 2022, a status report was filed by US Probation stating Mr. Beddingfield was in full compliance. (D.E. 22).  On May 4, 2022 the Court held a hearing and relaxed the conditions of release to permit work privileges.  In an effort to prepare himself for work, Mr. Beddingfield made a haircut appointment with his usual stylist at 3PM on Saturday, May 7, 2022.  On May 6, 2022, the day prior to the hair appointment, Mr. Beddingfield contacted his supervising officer, Scott Plaster, and requested permission to go the next day to his scheduled hair appointment. Contrary to the Government's allegation that Officer Plaster impermissibly loosened the Court's Order, Officer Plaster properly used his discretion as authorized by this Court and generously advised Mr. Beddingfield he not only had permission to go to the salon at 3PM but he could also go out and do any essential shopping.  Officer Plaster advised Mr. Beddingfield he had 4-hours in which to accomplish all tasks.

On Saturday, May 7, 2022 Mr. Beddingfield's mother drove to her father's home and picked up her son for the purpose of preparing him to begin his employment. Together they left the residence just before 3PM and drove directly to the hair salon, located about 20-minutes from Mr. Beddingfield's home.  After his haircut was completed, mother and son went to Kohl's department store and did some shopping. At 5:17PM, around the standard time for the Beddingields' dinner, mother and son quickly stopped at Buffalo Wild Wings and ate dinner. Mrs. Beddingfield also ordered take-out for her other son.  According to the receipt, no alcoholic beverages were ordered.  The Beddingfields' dinner ticket was closed out less than ten minutes later at 5:24PM. (See exhibit 1)  The Beddingfields got back into the car and Mrs.

Beddingfield drove by her cul-de-sac and waited in the car for her other son to come out of the house, run down the road to the car and get his dinner. Neither Mr. Beddingfield nor his mother exited the vehicle. Next, the two went to Mr. Beddingfield's sister's home to pick up a pair of work boots needed for his employment. (See exihibit 2) After a brief visit, Mrs. Beddingfield took her son home. Mr. Beddingfield was home within the prescribed four-hour window. Mr. Beddingfield was unaware he was in violation of the conditions of release until the violation report was filed.

Unfortunately, the Beddingfields misunderstood the term "essential shopping" and the authorization granted by Officer Plaster. The Beddingfields did not realize they were *only* permitted to go directly to the salon and retail stores and directly back to Mr. Beddingfield's residence. Instead, they believed they were permitted a four-hour window to run any *errands* needed to prepare him for his work. The Beddingfields were focused on the four-hour window and took particular care not to be late. The Beddingfields also knew Mr. Beddingfield was expressly forbidden from being in the presence of his father. Hence, the Beddingfields waited at the end of the cul-de-sac for the other son to run out to them and get his dinner. They simply did not understand he was not permitted to go to any restaurant, his sister's home for his work boots, or to get takeout for his brother.

Officer Plaster notified the Washington D.C. office of the violation as required. However, Officer Plaster did not believe the violation was willful and, hence, recommended to the US Probation office in Washington D.C. that Mr. Beddingfield's sanction for the violation simply be less time in the future to conduct essential shopping. However, the US Probation Office in Washington D.C. rejected Officer

Plaster's recommendation and instead requested "[T]he defendant be removed from all supervision programs. If the Court is not inclined to remove the defendant from supervision DC PSA requests the defendant be placed on home incarceration…" (D.E. 24)

## Argument

Pursuant to 18 USC §§ 3148(b)(1)(B) and 3148(b)(2)(B) the court may revoke release *if* the Government proves by clear and convincing evidence the person has violated any condition of release ***and*** if so, the person is unlikely to abide by any condition or combination of conditions of release. The Government in its motion, fails to acknowledge the requisite showing to revoke conditions of release. Regardless of how Black's Law Dictionary defines strict liability, strict liability is not the standard used to revoke conditions of release as prescribed by congress. Contrary to the Government's argument that this Court gave Mr. Beddingfield an inch, and Mr. Beddingfield took a mile; Mr. Beddingfield and his mother did not intentionally do anything they believed would violate the conditions of release. Instead, Mr. Beddingfield and his mother mistakenly believed they were following all of the restrictions imposed by the Court. The Government cannot show Mr. Beddingfield is unlikely to abide by any condition or combination of conditions of release as he was trying to abide by the ordered conditions.

The Beddinfields did follow the conditions of release as they understood the conditions. They followed the four-hour window requirement, avoided Mr. Beddingfield's father, and prepared Mr. Beddingfield for his first day of work. At no other time has there been any failure to follow this Court's Order. The misunderstanding by Mr. Beddingfield is just that a misunderstanding. Hence, the

Government cannot show Mr. Beddingfield is unlikely to abide by any condition or combination of conditions of release.

## Conclusion

For the reasons stated above revocation of the release conditions is not warranted.

Respectfully submitted this 23th day of May, 2022.

>G. ALAN DuBOIS
>Federal Public Defender
>
>/s/ Leza Lee Driscoll
>LEZA LEE DRISCOLL
>Assistant Federal Public Defender
>Attorney for Defendant
>Office of the Federal Public Defender
>150 Fayetteville Street, Suite 450
>Raleigh, North Carolina 27601
>Telephone: 919-856-4236
>Fax: 919-856-4477
>E-mail: Leza_Driscoll@fd.org
>N.C. State Bar No. 20926
>LR 57.1 Counsel Appointed
>
>
>/s/ Rosemary Godwin
>ROSEMARY GODWIN
>Assistant Federal Public Defender
>Attorney for Defendant
>Office of the Federal Public Defender
>150 Fayetteville Street, Suite 450
>Raleigh, North Carolina 27601
>Telephone: 919-856-4236
>Fax: 919-856-4477
>E-mail: Rosemary_Godwin@fd.org
>N.C. State Bar No. 18217
>LR 57.1 Counsel Appointed

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing was served upon:

Sean P. Murphy
Assistant United States Attorney
Torre Chardon, Ste 1201
350 Carlos Chardon Ave
San Juan, PR 00918
Sean.murphy@usdoj.gov

by electronically filing the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the above.

Respectfully submitted this 23th day of May, 2022.

/s/ Leza Lee Driscoll
LEZA LEE DRISCOLL
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Leza_Driscoll@fd.org
N.C. State Bar No. 20926
LR 57.1 Counsel Appointed